FEDERICO DELGADO RODRÍGUEZ, Appellant, *v.* THE REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 1322. Submitted March 1, 1956.—Decided March 28, 1956.

*Joaquín Velilla* for appellant. The respondent **Registrar** appeared by brief.

MR. CHIEF JUSTICE SNYDER delivered the opinion of the Court.

On May 12, 1954, the National City Bank of New York, the owner of 2 farms recorded in the Registries of Property of Guayama and Caguas, respectively, executed a public deed before a notary public selling the said farms to Juan San-

tiago Rosado for $3,000 and $7,000, respectively. On May 17, 1954 Rosado and Federico Delgado Rodríguez executed a deed before a notary public in which Rosado transferred the 2 farms to Delgado. This deed went on to say that "for personal reasons which are not being set forth in this public document", Delgado requested Rosado to acquire the 2 farms for him; that on April 30, 1954, Delgado gave his personal certified check in the amount of $10,000 to Rosado for this purpose; that Rosado bought the farms from the bank with the money belonging to Delgado and for the benefit of the latter; and that Rosado, who was now interested in "vesting the true owner with the title" to these properties, was doing so by this deed.

The 2 deeds were presented for recordation to the Registrars of Property of Guayama and Caguas. The latter recorded both deeds insofar as the property located in his district was concerned. The Registrar of Guayama recorded the first deed whereby the bank sold the farm in his district to Rosado, but refused to record the second deed from Rosado to Delgado. The latter filed this administrative appeal to review the ruling of the Registrar.

The Registrar refused to record the deed transferring the property to Delgado for two reasons: (1) Delgado did not present a receipt of the Secretary of the Treasury that the gift tax had been paid or that the transaction was exempt from taxation. (2) The agreement between Rosado and Delgado violated the provisions of the Civil Code in two respects; namely, (a) it did not comply with §§ 836 and 838 of the Civil Code, 1930 ed., 31 L.P.R.A. §§ 2543 and 2545, which provide that a trust of real property must be constituted in a public deed and recorded in the Registry; (b) it violated § 844 of the Civil Code, 31 L.P.R.A. § 2551, which prohibits secret trusts. See *Treasurer of Puerto Rico v. Tax Court*, 73 P.R.R. 440, 442.

■■ Neither of the reasons given by the Registrar justified his refusal to record the deed executed by Rosado trans-

ferring the farm located in the Guayama district to Delgado. If on its face a deed appears to provide for a transfer of real property for less than its fair value, the Registrar is required to refuse to record the deed unless it is accompanied by a certificate from the Secretary of Finance that the gift tax has been paid or that the transaction is exempt from taxation. 13 L.P.R.A. §§ 881, 901; *Blanco* v. *Registrar*, 70 P.R.R. 16. But if the provisions of the deed taken at their face value show that it does not involve a gift, the Registrar may not require such a certificate as a condition to recordation of the deed. *Blanco* v. *Registrar*, 70 P.R.R. 557; *Antongiorgi* v. *Registrar*, 78 P.R.R. 332. Here the deed by Rosado to Delgado shows on its face that the latter did not make a gift to the former. On the contrary, the deed establishes that Delgado in fact purchased the farms from the bank for $10,000 by the device of using Rosado as a straw man for that purpose.[1] Accepting these facts as true, as we must, for purposes of this proceeding, see *Banco de Ponce* v. *Registrar*, 72 P.R.R. 123, we find no basis for requiring Delgado to produce a certificate from the Treasurer as to the gift tax. *Cf. Noguera* v. *Registrar*, 72 P.R.R. 186.[2]

■ The Registrar's second reason for refusing to record the deed in effect was that here an attempt was made to create a trust in violation of the provisions of §§ 836 and 838 of the Civil Code that a trust may be constituted only

---

[1] The certified check, which the Registrar had before him and which Delgado executed on behalf of Rosado on April 30, 1954 for $10,000 was. evidence supporting the statements in the deed as to the nature of this transaction.

[2] We pointed out in *Blanco* v. *Registrar*, 70 P.R.R. 557, 562: "Of course, the conclusion reached by us herein does not mean that if after an investigation the Treasurer reaches the conclusion that the property has been transferred for less than its fair value, he may not impose and collect the tax fixed by law. That is, of course, a question to be decided in an independent proceeding. *At the time being, we are only deciding the appeal in the light of what appears from the face of the document presented for record.*" (Italics ours.)

by a recorded public deed and of § 844 prohibiting secret trusts. We fail to see in what way the Civil Code provisions as to trusts are involved in this case. We do not stop to determine what the legal situation would be if Rosado had refused to carry out his commitment to transfer the property to Delgado. *Cf. Ramírez* v. *Ramírez*, 65 P.R.R. 510; *García* v. *Rexach*, 65 P.R.R. 493; *Vélez* v. *Ramos*, 65 P.R.R. 732; *Freyre* v. *Blasini*, 68 P.R.R. 198; *Torres* v. *Roldán*, 67 P.R.R. 342; *Santiago* v. *Rodríguez*, 72 P.R.R. 253. Here, accepting the statements in the two deeds as true, we have the case of an agent who acted for his principal pursuant to instructions in taking title in his own name to real estate purchased by the agent on behalf of the principal. Thereafter, likewise pursuant to the terms of the agency, he conveyed the property to his principal. See § § 1600 *et seq.* of the Civil Code, 31 L.P.R.A. § § 4421 *et seq.; Fernández* v. *Laloma*, 56 P.R.R. 348, 358–9. We see no basis for refusing to record the deed from Rosado to Delgado because of any of the trust provisions of the Civil Code.

The ruling of the Registrar will be reversed and he will be ordered to record the deed involved herein.